

IN THE
TENTH COURT OF APPEALS

No. 10-11-00386-CR

MICHAEL ALLEN PECK,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 272nd District Court
Brazos County, Texas
Trial Court No. 10-01388-CRF-272

MEMORANDUM OPINION

The jury convicted Michael Peck of the offense of murder. The trial court found the enhancement paragraphs to be true and assessed punishment at confinement for life. We affirm.

**Background Facts**

There is no challenge to the sufficiency of the evidence. On January 19, 2010, the body of Julie Perez was found in the driveway of a residence. Perez had ligature marks on her neck and face. During their investigation, police determined that Perez had been

with Michael Peck on the night she died. Police questioned Peck about the death of Perez. Peck initially denied knowing Perez, but later admitted that Perez was in his car on the night of her death. Peck told police he and Perez had argued in his car and that he threw Perez out of his car after she tried to steal from him. Peck said that he left Perez on the road. Peck was subsequently indicted for the murder of Perez.

## Jury Charge

In his sole issue on appeal, Peck argues that the trial court committed jury charge error in failing to apply the law to the facts on the issue of concurrent causation. Peck filed a request for a special instruction on concurrent causation to be included in the court's charge. The evidence at trial showed that Julie Perez suffered from a heart condition and that she had a pacemaker and a defibrillator. The record also shows that Julie had cocaine present in her body at the time of her death. Peck's defensive theory was that Perez's heart condition and drug use contributed to her death. Peck's requested instruction is as follows:

> Now if you find from the evidence beyond a reasonable doubt that on or about the 19th day of January, 2010, in Brazos County, Texas, the defendant, MICHAEL PECK, did then and there, intentionally or knowingly cause the death of an individual, namely, Julie Perez, by strangling her with an unknown object or smothering her with an unknown object or his hand, and you further find beyond a reasonable doubt that the result would not have occurred but for MICHAEL PECK's conduct of strangling Julie Peck (sic) with an unknown object or smothering Julie Perez with his hand or unknown object, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.

The trial court refused the requested instruction, and instructed the jury:

IV.

A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.

V.

Now if you find from the evidence beyond a reasonable doubt that on or about the 19th day of January, 2010, in Brazos County, Texas, the defendant, MICHAEL PECK, did then and there, intentionally or knowingly cause the death of an individual, namely, Julie Perez, by strangling her with an unknown object or smothering her with an unknown object or his hand, then you will find the defendant, MICHAEL PECK, guilty of murder as charged in the indictment.

Peck argues that the trial court erred in failing to apply the law to the facts on the issue of concurrent causation. A defendant is entitled to an instruction on every defensive issue raised by the evidence, regardless of whether the evidence is strong, feeble, unimpeached, or contradicted, and even when the trial court thinks that the testimony is not worthy of belief. *Walters v. State*, 247 S.W.3d 204, 209 (Tex. Crim. App. 2007). Conversely, he is not entitled to an instruction that is not raised by the evidence. *Hutcheson v. State*, 899 S.W.2d 39, 42 (Tex. App.—Amarillo 1995, pet. ref'd).

The Texas Penal Code sets out the concept of concurrent causation. A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient. TEX. PENAL CODE ANN. § 6.04 (a) (West 2011).

Dr. Satish Chundru, Deputy Chief Medical Examiner for Travis County, testified at trial that the cause of death for Julie Perez was "homicide asphyxia, including ligature strangulation and/or smothering." Dr. Chundru stated that Perez's heart condition did not cause her death "by itself" and that Perez's death was not caused by cocaine. Dr. Chundru further testified that strangulation alone was sufficient to cause the death of Perez.

The defense called Dr. Jonathan Arden, a forensic pathologist to testify at trial. Dr. Arden stated that "there are three factors, all of which are important, all of which in my opinion contributed to her death. And I cannot separate any one of them or any two of them to the exclusion of the others." Dr. Arden testified that the three factors were neck compression, heart disease, and cocaine. Dr. Arden did not believe strangulation by itself caused the death of Perez. Dr. Arden stated that "all three of these complimentary processes acted together to cause her death."

To be entitled to a charge on concurrent causation, the record must contain some evidence that the concurrent cause was sufficient to produce the result and that the conduct of Peck was insufficient to produce the result. *Hutcheson v. State*, 899 S.W.2d at 42. There is no evidence in the record that Perez's heart condition and cocaine use were clearly sufficient to cause Perez's death and that strangulation was clearly insufficient to cause her death. Peck has not shown that he was entitled to have the jury charged on concurrent causation as he tendered. *See Hutcheson v. State*, 899 S.W.2d at 42. We overrule the sole issue on appeal.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed November 8, 2012
Do not publish
[CRPM]